PEOPLE v GLOSTER

Docket No. 151048. Argued on application for leave to appeal March 9,
2016. Decided May 24, 2016.

Antonio T. Gloster was convicted of aiding and abetting armed
robbery following a jury trial in the Wayne Circuit Court. Defen-
dant had driven four men to a market in Hamtramck, Michigan.
While defendant stayed in the car, two of the men assaulted a
woman and attempted to steal her necklace. Defendant then
picked the men up and drove away. When scoring the sentencing
guidelines, the court, Lawrence S. Talon, J., assessed 15 points for
Offense Variable (OV) 10 (exploitation of a vulnerable victim),
MCL 777.40, concluding that predatory conduct had been in-
volved. Defendant appealed, arguing in part that it was improper
to base his OV 10 score on his co-offenders' conduct and that
points should be assessed under OV 10 only for the individual
defendant's conduct. The Court of Appeals, MURRAY, P.J., and SAAD
and HOEKSTRA, JJ., affirmed in an unpublished opinion per
curiam, issued December 30, 2014 (Docket No. 316553), declining
to address whether a sentencing court may consider the conduct
of a co-offender when scoring OV 10 and concluding that the trial
court's score was supported by defendant's own conduct, specifi-
cally, his role in selecting a vulnerable victim. Defendant ap-
pealed, and the Supreme Court ordered and heard oral argument
on whether to grant the application or take other action. 498 Mich
910 (2015).

In a unanimous opinion by Justice ZAHRA, the Supreme Court
*held*:

A sentencing court may not assess points for a defendant
solely on the basis of his or her co-offenders' conduct unless the
OV at issue specifically indicates to the contrary. MCL
777.40(1)(a) requires the assessment of 15 points for OV 10 when
predatory conduct was involved. Under MCL 777.40(3)(a), preda-
tory conduct is preoffense conduct directed at a victim, or a law
enforcement officer posing as a potential victim, for the primary
purpose of victimization. The Legislature explicitly provided in
several OVs that all offenders in a multiple-offender situation,
including the defendant, should receive the same score, even if

the conduct that serves as the basis for scoring those OVs was solely that of a co-offender. MCL 777.40, however, does not contain language directing the court to assess a defendant points for OV 10 on the basis of conduct by that defendant's co-offenders in multiple-offender situations. Accordingly, a sentencing court may not assess a defendant 15 points for predatory conduct under OV 10 solely on the basis of the predatory conduct of the defendant's co-offenders. The trial court erred by doing so in this case, supporting its scoring of OV 10 by explaining that two of the people defendant drove to Hamtramck went to a corner in the market to watch for an appropriate victim. The court therefore considered only the conduct of defendant's co-offenders in watching for an appropriate victim when it assessed defendant 15 points for predatory conduct. The Court of Appeals likewise erred by concluding that the trial court's scoring of OV 10 was supported by defendant's own conduct. Because the trial court did not itself find that defendant's own conduct was predatory in nature, the Court of Appeals failed to review the trial court's findings for clear error.

Court of Appeals' judgment reversed in part; case remanded to the trial court for further proceedings not inconsistent with the holding.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — EXPLOITATION OF VULNERABLE VICTIMS — PREDATORY CONDUCT — CONDUCT OF CO-OFFENDERS.

When scoring the sentencing guidelines, MCL 777.1 *et seq.*, a sentencing court may not assess offense variable (OV) points for a defendant solely on the basis of his or her co-offenders' conduct unless the OV at issue specifically indicates to the contrary; with respect to OV 10 (exploitation of a vulnerable victim), MCL 777.40(1)(a) requires the sentencing court to assess 15 points for OV 10 when predatory conduct was involved, but the court may not assess a defendant 15 points for predatory conduct solely on the basis of the predatory conduct of that defendant's co-offenders.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Jason W. Williams*, Chief of Research, Training, and Appeals, and *Toni Odette*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kristin E. LaVoy*) for defendant.

ZAHRA, J. In this case, we consider whether a sentencing court may assess a defendant 15 points for "predatory conduct" under Offense Variable (OV) 10 (exploitation of a vulnerable victim), MCL 777.40, solely on the basis of the predatory conduct of a defendant's co-offenders. We conclude that it may not. In direct contrast to other OVs, MCL 777.40 contains no language directing a court to assess a defendant the same number of points as his co-offenders in multiple-offender situations. We decline to import such language into OV 10, as it is a well-established rule of statutory construction that this Court will not read words into a statute that the Legislature has excluded.[1]

The trial court assessed 15 points for OV 10 solely on the basis of the predatory conduct of defendant's co-offenders. Defendant appealed this decision, but the Court of Appeals declined to address "whether a trial court may consider the conduct of a co-offender when scoring OV 10 . . . ."[2] Instead, the Court of Appeals concluded that the trial court's scoring of OV 10 was supported by defendant's own conduct.[3] However, because the trial court did not itself find that defendant's own conduct was predatory in nature, we conclude that the Court of Appeals failed to review the trial court's findings for clear error as required by *People v Hardy*.[4] Accordingly, we reverse in part the judgment of the

---

[1] *People v McIntire*, 461 Mich 147, 152-153; 599 NW2d 102 (1999).

[2] *People v Gloster*, unpublished opinion per curiam of the Court of Appeals, issued December 30, 2014 (Docket No. 316553), p 4 n 2.

[3] *Id.*

[4] *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Court of Appeals and remand this case to the trial court for further proceedings not inconsistent with our holding that a sentencing court may not assess a defendant 15 points for "predatory conduct" under OV 10 solely on the basis of the predatory conduct of the defendant's co-offenders. In all other respects, leave to appeal is denied.

## I. FACTS AND PROCEEDINGS

This case arises from a robbery that occurred in Hamtramck on October 20, 2012. On that date, defendant drove four men, including Marvin Graham and Calvin Gloster, defendant's brother, to Hamtramck. Graham attacked the victim outside the Polish Market. According to surveillance footage, Graham and Calvin Gloster stood outside the market and watched a man walking alone, two individuals, and a group of children pass by before Graham attacked the victim, a woman who was walking alone. In an attempt to steal the woman's necklace, Graham hit her in the back of her head and knocked her to the ground. When onlookers intervened, Graham and Calvin Gloster fled, but not before Calvin Gloster shot one of the intervening onlookers with a pistol.

During the robbery, defendant was parked near the Polish Market. After Graham and Calvin Gloster fled, defendant picked the men up, which required him to circle around the block to find Graham, and drove them out of the area. After he was arrested by police and interrogated about his participation in the robbery, defendant admitted that he had acted as the getaway driver in the robbery. Specifically, he admitted driving the men to the area and that they were "trying to get some money, simple as that." He also admitted driving

the men out of the area following their failed attempt to obtain the victim's necklace.

The prosecution charged defendant as an aider and abettor to armed robbery under MCL 750.529 and unarmed robbery under MCL 750.530. After deliberation, the jury convicted defendant of aiding and abetting armed robbery.

The trial court sentenced defendant to 85 months to 20 years in prison. At sentencing, the parties disagreed about whether OV 10 should be scored at 15 points for predatory conduct. The court agreed with the prosecution that it should, ruling that the score was appropriate because, while defendant waited in the car, the other two perpetrators waited for an appropriate victim.

Defendant appealed the trial court's decision in the Court of Appeals, arguing in part that it was erroneous to base defendant's OV 10 score on his co-offenders' conduct. Instead, defendant claimed, OV 10 should be scored only for the individual defendant's conduct. He also argued that his co-offenders' conduct was not predatory in nature under existing caselaw. The Court of Appeals affirmed the trial court's scoring in an unpublished opinion per curiam, concluding that "[d]efendant aided and abetted the commission of an offense that involved the exact sort of 'predatory conduct' OV 10 is designed to punish."[5] In a footnote, the panel dismissed defendant's argument that his OV 10 score was based solely on his co-offenders' conduct. To the contrary, the panel concluded that "the record demonstrates that the trial court scored defendant for *his* conduct—specifically, his role in selecting a vulnerable victim."[6]

---

[5] *Gloster*, unpub op at 3.

[6] *Id.* at 4 n 2.

Defendant sought leave to appeal in this Court. We directed the Clerk of the Court to schedule oral argument on whether to grant the application or take other action.[7] We specifically requested that the parties address

> whether the defendant was properly assigned 15 points for offense variable (OV) 10, MCL 777.40, for predatory conduct, and in particular, whether the scoring of OV 10 was proper based on the defendant's own conduct, or alternatively, based on the conduct of the defendant's accomplices. See MCL 767.39; cf. *People v Hunt*, 290 Mich App 317, 325-326 [810 NW2d 588] (2010) (conviction not based on aid and abetting), cited in *People v Hardy*, 494 Mich 430, 442 n 32 [835 NW2d 340] (2013).[8]

## II. STANDARD OF REVIEW

A trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence.[9] "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo."[10]

## III. ANALYSIS

OV 10, governed by MCL 777.40, provides in relevant part:

> (1) Offense variable 10 is exploitation of a vulnerable victim. Score offense variable 10 by determining which of

---

[7] MCR 7.305(H)(1).

[8] *People v Gloster*, 498 Mich 910 (2015).

[9] *Hardy*, 494 Mich at 438.

[10] *Id.*

the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Predatory conduct was involved .............. 15 points

(b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status ............................................................... 10 points

(c) The offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious ........................................................... 5 points

(d) The offender did not exploit a victim's vulnerability ....................................................................... 0 points

(2) The mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability.

As used in this section, " 'predatory conduct' means preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization."[11]

MCL 777.40 contains no language directing a court to assess a defendant points for OV 10 on the basis of conduct by a defendant's co-offenders in multiple-offender situations. This is in direct contrast to OVs 1, 2, and 3, all of which specifically direct a court to assign a defendant the same number of points that all offenders are assessed in multiple-offender cases. OV 1 (aggravated use of a weapon) provides that "[i]n multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be

---

[11] MCL 777.40(3)(a), as amended by 2014 PA 350. At the time this case arose, MCL 777.40(3)(a) did not include the reference to "a law enforcement officer posing as a potential victim."

assessed the same number of points."[12] OV 2 (lethal potential of weapon possessed or used)[13] and OV 3 (physical injury to victim)[14] similarly mandate that "all offenders" in a multiple-offender case "shall be assessed the same number of points." Since this language clearly indicates that all offenders must have the same number of points assessed, it follows that a trial court must assess a defendant points for OVs 1, 2, and 3 when his or her co-offender had points for those OVs assessed, even if the conduct that serves as the basis for scoring those OVs was solely that of the co-offender.

"Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there."[15] Because the Legislature has explicitly provided that all offenders in a multiple-offender situation should receive the same score for OVs 1, 2, and 3, but excluded that language from other OVs, we conclude that a defendant shall not have points assessed solely on the basis of his or her co-offenders' conduct unless the OV at issue specifically indicates to the contrary.[16] To conclude otherwise

---

[12] MCL 777.31(2)(b).

[13] MCL 777.32(2).

[14] MCL 777.33(2)(a).

[15] *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).

[16] The Court of Appeals reached a similar conclusion in *People v Hunt*, 290 Mich App 317; 810 NW2d 588 (2010). That case pertained to OV 7, which at that time directed a court to assess a defendant 50 points when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense[.]" MCL 777.37(1)(a), as amended by 2002 PA 137. In *Hunt*, the trial court assessed defendant 50 points for OV 7 even though the record indicated that his codefendant alone engaged in the behavior that led to the scoring for sadism, torture, or excessive brutality. The Court of Appeals reversed the trial court's scoring decision, commenting:

would require this Court to read the multiple-offender language into the OV at issue, in this case OV 10, in violation of our principles of statutory interpretation.[17]

We are not persuaded by the prosecution's claim that a defendant may have points assessed under OV 10 solely on the basis of the conduct of his or her co-offenders because the language simply requires that "[p]redatory conduct was involved" without specifying that the predatory conduct must have been the defendant's.[18] We note that OVs 1 and 3 are similarly worded in the passive voice, yet the Legislature found it necessary to include a separate subsection that explicitly requires a court to assess the defendant the same number of points as his or her co-offenders.[19] If the presence of passive language in an OV required a sentencing court to assess a defendant points solely on the basis of the conduct of the defendant's co-offenders, then those separate subsections in OVs 1 and 3 would be rendered surplusage, in violation of this Court's principles of statutory interpretation.[20]

---

[W]hile defendant was present and armed during the commission of the crimes here, he did not himself commit, take part in, or encourage others to commit acts constituting "sadism, torture, or excessive brutality" under OV 7. Moreover, unlike OV 1, OV 2, and OV 3, OV 7 does not state that "[i]n multiple offender cases, if 1 offender is assessed points for [the applicable behavior or result], all offenders shall be assessed the same number of points." For OV 7, only the defendant's actual participation should be scored. [*Hunt*, 290 Mich App at 325-326 (citations omitted) (second and third alterations in original).]

[17] See *Byker v Mannes*, 465 Mich 637, 646-647; 641 NW2d 210 (2002) ("It is a well-established rule of statutory construction that this Court will not read words into a statute.").

[18] MCL 777.40(1)(a).

[19] See MCL 777.31(2)(b); MCL 777.33(2)(a).

[20] *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002) ("Courts must give effect to every word, phrase,

Moreover, the Legislature has demonstrated in other OVs that its failure to specify the defendant being sentenced as the actor does not itself mean that a sentencing court should assess the defendant points solely on the basis of his or her co-offenders' conduct. For example, OV 16 (property obtained, damaged, lost, or destroyed), MCL 777.46(1)(b) through (e), lists the points to be assessed if "[t]he property had a value" ranging from $200 to more than $20,000 or if "[n]o property was obtained, damaged, lost, or destroyed or the property had a value of less than $200.00." Subsection (2)(a) then states that "[i]n multiple offender or victim cases, the appropriate points may be determined by adding together the aggregate value of the property involved . . . ."[21] If the Legislature's failure to specify that the assessment of points under OV 16 must be based on the defendant's conduct meant that the defendant must have points assessed for property damage, loss, or destruction attributed solely to his or her co-offenders, then there would have been no need for Subsection (2)(a) to instruct courts to aggregate the value of the property involved in multiple-offender cases. OV 11 (criminal sexual penetration), MCL 777.41(1), requires the assessment of points if at least one "sexual penetration occurred" without specifying that it must be the defendant who engaged in that sexual penetration. Subsections (2)(a) and (b) then indicate that the Legislature was nonetheless referring to the defendant's conduct, not the conduct of the defendant and his or her co-offenders. That is, Subsection (2)(a) directs the court to "[s]core all sexual penetrations of the victim *by the offender [defendant]* arising out of the sentencing offense,"[22] and Subsection

---

[21] MCL 777.46(2)(a).

[22] MCL 777.41(2)(a) (emphasis added).

and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.").

(2)(b) specifies that "[m]ultiple sexual penetrations of the victim *by the offender* [*defendant*] extending beyond the sentencing offense may be scored in offense variables 12 or 13 [MCL 777.42 and MCL 777.43]."[23] Thus, it appears clear that even when an OV is phrased in a manner that does not explicitly refer to the defendant as the actor, the court may not assess that defendant points solely on the basis of his or her co-offender's conduct unless the OV at issue explicitly directs the court to do so.

Applying this analysis to the instant case, we conclude that the trial court erred by assessing defendant 15 points for OV 10 because the record indicates that the court based its assessment of points entirely on the conduct of defendant's co-offenders. That is, the trial court supported its score by explaining that two of the people defendant drove to Hamtramck "went out to the corner to watch for an appropriate victim . . . ." The trial court thus considered only the conduct of defendant's co-offenders in watching for an appropriate victim when it assessed defendant 15 points for predatory conduct. For the reasons described above, this was in error.[24] The Court of Appeals likewise erred by concluding that the trial court's scoring of OV 10 was supported by defendant's own conduct. Because the trial court did not itself find that defendant's own conduct was predatory in nature, the Court of Appeals

---

[23] MCL 777.41(2)(b) (emphasis added).

[24] In the alternative, the prosecution argues that defendant should have 15 points assessed under OV 10 for aiding and abetting his co-offenders' predatory conduct. We decline to address this argument given that the trial court did not score OV 10 under an aiding-and-abetting theory. Instead, we leave it to the trial court on remand to determine whether it is appropriate to consider this alternative argument.

failed to review the trial court's findings for clear error as required by *People v Hardy*.[25]

### IV. CONCLUSION

We reverse in part the judgment of the Court of Appeals and remand this case to the trial court for further proceedings not inconsistent with our holding that a sentencing court may not assess a defendant 15 points for predatory conduct under OV 10 solely on the basis of the predatory conduct of the defendant's co-offenders. In all other respects, leave to appeal is denied because we are not persuaded that this Court should review the remaining question presented.

YOUNG, C.J., and MARKMAN, MCCORMACK, VIVIANO, BERNSTEIN, and LARSEN, JJ., concurred with ZAHRA, J.

---

[25] *Hardy*, 494 Mich at 438.