# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2016

151219 & (37)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JAMES ALLEN CHANDLER,
      Defendant-Appellant.

SC: 151219
COA: 318872
Isabella CC: 2013-000191-FH

_____/

On order of the Court, the application for leave to appeal the January 27, 2015 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the last paragraph of Section III.B. of the Court of Appeals opinion, and we REMAND this case to the Isabella Circuit Court. The trial court shall consider whether the defendant was properly assigned 15 points on Offense Variable 10 (OV 10) for "predatory conduct" under MCL 777.40(1)(a) and (3)(a), or whether the 15-point score was improperly based solely on the conduct of the defendant's co-offenders. See *People v Gloster*, 499 Mich 199 (2016). If the trial court determines that OV 10 was scored incorrectly, the court shall resentence the defendant. *People v Francisco*, 474 Mich 82 (2006). If, however, the trial court determines that OV 10 was correctly scored, the court shall determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). In making this determination, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. The motion to remand and for appointment of appellate counsel is DENIED.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2016



Clerk

s1026