# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTIAN DEONDRE JAM LOGAN,

Defendant-Appellant.

UNPUBLISHED
February 22, 2018

No. 335863
Calhoun Circuit Court
LC No. 2015-003643-FC

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right, challenging the sentence he received for his assault with intent to rob while unarmed, MCL 750.88, jury conviction. We remand for resentencing consistent with this opinion.

Defendant's conviction arises out of an attempted robbery on October 6, 2015. The victims, a father and son, went to Battle Creek from the Grand Rapids area to buy a car they saw advertised on Craigslist. The son had been communicating with the seller through a series of Craigslist emails. When the father and the son arrived at the house where they were supposed to meet the purported seller's grandson to see the car, a man who introduced himself as the seller's grandson met them in the driveway and led the father to the side of the garage to see the car for sale. But when the father got to the side of the garage, there was no car, and he was attacked from behind. Just as the son was headed to the edge of the driveway to follow his father, he was forced to the ground by another attacker and beat over the head by the grandson and two other men. Someone also maced his face. The son was able to get himself propped up enough to get his gun out of his pocket to shoot the two men who were not the grandson. One of those men was defendant.

Defendant was charged with attempted armed robbery against the father (Count I), attempted armed robbery against the son (Count II), and felony firearm (Count III). The jury acquitted defendant of all three counts, but found him guilty of the lesser included offense to Count II, assault with intent to rob while unarmed.

The sole argument raised by defendant on appeal is that the trial court erred in overruling his objection and assessing 15 points for offense variable (OV) 8 when calculating his sentencing guidelines range. We agree.

While the sentencing guidelines are now advisory, our Supreme Court has held that the trial court must nonetheless score them. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The trial court must assess the highest number of points for all offense variables. *Id*. at 392 n 28. This Court reviews the trial court's assessments for clear error.

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (footnotes omitted).]

"A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015).

Offense variable 8 addresses victim asportation or captivity, MCL 777.38(1), and requires the assessment of 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense[.]" MCL 777.38(1)(a). In *People v Barrera*, 500 Mich 14; 892 NW2d 789 (2017),[1] our Supreme Court explained:

> A plain reading of asportation is this: If a victim is carried away or removed 'to another place of greater danger or to a situation of greater danger,' MCL 777.38(1)(a), the statutory language is satisfied. [*Id*. at 21.]

Thus, movement that is incidental to the offense suffices as a basis for scoring OV 8 at 15 points. *Id*. In *Barrera*, the defendant took the victim from the living room to the bedroom to sexually assault her. *Id*. at 21-22. Because the victim was taken to a place where the assault was less likely to be discovered, the location was a "place of greater danger," making the assessment of 15 points for OV 8 appropriate. *Id*. at 22.

However, to be assessed 15 points for OV 8, a defendant had to be directly responsible for the movement of the victim; the trial court cannot assess 15 points for OV 8 based on the actions of a co-offender. *People v Gloster*, 499 Mich 199, 206; 880 NW2d 776 (2016).

> Because the Legislature has explicitly provided that all offenders in a multiple-offender situation should receive the same score for OVs 1, 2, and 3, but excluded that language from other OVs, we conclude that a defendant shall not have points

---

[1] Although *Barrera* was decided after defendant's sentencing, "[t]he general rule is that judicial decisions are given full retroactive effect, and complete prospective application is limited to decisions that overrule clear and uncontradicted caselaw." *People v Vansickle*, 303 Mich App 111, 119; 842 NW2d 289 (2013). Therefore, the interpretation of asportation in *Barrera* applies in this case.

assessed solely on the basis of his or her co-offenders' conduct unless the OV at issue specifically indicates to the contrary. [*Id.* (footnote omitted).]

OV 8 does not specifically indicate that a defendant should receive points based on a co-offender's conduct, so assigning points to OV 8 for conduct not attributed to defendant would be in error. See MCL 777.38; *Gloster*, 499 Mich at 206.

In this case, ample testimony established that the father was led to the side of the garage by the purported seller's grandson, which was a place of greater danger because it was more secluded and the father was separated from his son. See MCL 777.38(1)(a); *Barrera*, 500 Mich at 21-22. Additionally, the Craigslist scheme that led the victims to the place where they were assaulted, a house that was dark and abandoned in a neighborhood with which the victims were unfamiliar, may also satisfy the asportation requirement. See *id*.

However, no testimony established either that defendant was involved in leading the father to the side of the garage or that defendant was involved in the Craigslist scheme. The father's testimony established that defendant was not the purported seller's grandson who led him to the side of the garage, and defendant could not have even been present for the father's assault because the father heard the gunshot that hit defendant while a different man was on top of him. Several investigating officers, crime scene technicians, and forensic laboratory technicians testified at defendant's trial, but not one indicated that defendant was in any way connected to the Craigslist messages.

To the extent that the trial court made a factual finding that defendant lured the father to the side of the garage, that finding is clearly erroneous because there was not any evidence, let alone substantial evidence, to support that finding. See *Mazur*, 497 Mich at 308. To the extent that the trial court applied the correct facts but assessed 15 points based on either the conduct of the purported seller's grandson who led the father to the side of the garage or the man who assaulted the father once he got to the side of the garage, the trial court erred in its application of the statute. See *Gloster*, 499 Mich at 206; *Hardy*, 494 Mich at 438.

Following his conviction, defendant was sentenced for violating MCL 750.88, which is a Class C felony under the sentencing guidelines. MCL 777.16d. Defendant's total PRV score was assessed at 20 points and his total OV score was 60 points. These scores placed defendant at a PRV Level C and OV Level V on the Class C sentencing grid, MCL 777.64. Consequently, defendant's recommended minimum sentence range under the legislative guidelines was determined to be 36 to 71 months. See MCl 777.64. However, because the trial court erred in assessing 15 points for OV 8, defendant's total OV score should have been 45 points, placing defendant at an OV Level IV. See *id*. Defendant's corrected recommended minimum sentence range would be 29 to 57 months. See *id*.

"[A] defendant is entitled to resentencing when the trial court erred in scoring an offense variable, and the error affected the statutory sentencing guidelines range." *People v Jackson*, 487 Mich 783, 793; 790 NW2d 340 (2010). Even if "the defendant's minimum sentence [is] still within the guidelines range . . . a remand for resentencing [is] required . . . ." *Id.*, citing *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006). In this case, the trial court erred in scoring OV 8, and the error affected defendant's sentencing guidelines range. Although

defendant's minimum sentence is still within the corrected guidelines range, defendant is entitled to resentencing.

Remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering