# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 17, 2018

v

No. 337430
Monroe Circuit Court
LC No. 16-242974-FC

RYAN JAMES MURDOCK,

Defendant-Appellant.

Before: SERVITTO, P.J., and MARKEY AND O'CONNELL, JJ.

PER CURIAM.

Defendant appeals as of right the sentence imposed for his jury trial conviction of armed robbery, MCL 750.529. The trial court sentenced defendant to 72 to 240 months' imprisonment for his conviction. We affirm.

Defendant argues that he is entitled to resentencing because the trial court engaged in judicial fact finding to score offense variables (OV's) 4, 8, and 10. We disagree.

This Court reviews a sentencing court's factual findings, which must be supported by a preponderance of the evidence, for clear error. *People v Gloster*, 499 Mich 199, 204; 880 NW2d 776 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation," which this Court reviews de novo. *Id*., quoting *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists if this Court is "left with a definite and firm conviction that a mistake has been made." *People v Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005).

## I. MCL 777.34 (OV 4)

OV 4 considers the psychological injury to a victim. MCL 777.34(1). Defendant was assessed 10 points for OV 4, which is appropriate if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). An assessment of 10 points for OV 4 is appropriate if the victim suffered "personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). The fact that the victim did not seek treatment is not conclusive, MCL 777.34(2), and a trial court's observations of the victim's demeanor at trial can support a finding of psychological injury, *People v Schrauben*, 314 Mich App 181, 197; 886 NW2d 173 (2016). However, "points may not be assessed solely on the basis of a trial court's conclusion that a 'serious psychological

injury' would normally occur as a result of the crime perpetrated against the victim." *People v White*, 501 Mich 160, 162; 905 NW2d 228 (2017). In *White*, the trial court assessed 10 points for OV 4 even though the only evidence that the victim suffered a psychological injury was her fear while the crime was being committed. *Id*. at 162-163. The Supreme Court ruled that the trial court erred scoring OV 4 because the victim's "fear while a crime is being committed, by itself, is insufficient to assess points for OV 4." *Id*.

Defendant does not argue that the victim failed to seek professional treatment, but rather, argues that the victim did not suffer a psychological injury. Defendant does acknowledge that the victim testified at trial that she has refused to work the midnight shift since the armed robbery, and that she feared defendant carried a gun on June 26, 2016. The victim's statements about the way the armed robbery affected her work life demonstrate that she suffered a psychological injury that may require treatment in the future. See *Armstrong*, 305 Mich App at 247-248 (finding that although the complainant of a sexual assault had not sought counseling by the time of trial, her expression of confusion, anger, and inability to trust others demonstrated that she had suffered a psychological injury). The victim expressed that she was afraid that defendant had a gun on June 26, 2016. Further, her refusal to work the midnight shift is evidence of a psychological harm outside the "characteristics of the crime" because it impacted her working life months after the robbery occurred. Additionally, the trial court had the opportunity to observe the victim's demeanor during trial, and noted that the victim was visibly shaken when she testified. Accordingly, the trial court's factual finding that the victim suffered a serious psychological injury was not clearly erroneous, and was supported by a preponderance of the evidence. The trial court properly assessed 10 points for OV 4 because the evidence sufficiently demonstrates that the victim suffered a serious psychological injury that may require professional treatment in the future.

## II. MCL 777.38 (OV 8)

Defendant argues that the trial court improperly assessed 15 points for OV 8 because the statute requires movement that was more than incidental to the commission of the crime. Specifically, defendant argues that although the victim moved "mere feet" from the where she stood, it does not constitute "movement" within the meaning of the statute.

OV 8 considers victim asportation or captivity. MCL 777.38. Under MCL 777.38(1)(a), the trial court must assess 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger[,] or was held captive beyond the time necessary to commit the offense." Movement of a victim that is incidental to the commission of an offense qualifies as asportation within the meaning of MCL 777.38(1)(a). See *People v Barrera*, 500 Mich 14, 21-22; 892 NW2d 789 (2017) (upholding the trial court's assessment of 15 points for OV 8 because the defendant moved the victim one room to another in order to sexually assault her without likely discovery). "Nothing in the statute requires that the movement be greater than necessary to commit" the crime." *Id*. at 21. Thus, asportation is established if the victim is moved away from the observation of others. *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014).

The evidence demonstrates that the victim was standing by the door in the front of the store, visible to anyone who walked by. When defendant came inside, he forcibly moved her

away from the door to behind the cash register. Thus, the victim was asported to a place of greater danger because she was moved away from the front door, where she was within the observation of others and in a place where she could have more easily escaped, to behind the counter where others were less likely to see defendant committing the robbery. Therefore, the trial court properly assessed 15 points for OV 4 because there was sufficient evidence that defendant asported the victim within the meaning of the statute.

## III. MCL 777.40 (OV 10)

Defendant argues that the trial court incorrectly assessed 15 points for OV 10 because there is insufficient evidence in the record to support the trial court's finding that defendant exploited the victim's vulnerability. Specifically, defendant argues that he intended to rob Stop and Go, and not the victim.

OV 10 addresses the exploitation of a vulnerable victim. MCL 777.40(1). Under MCL 777.40(1)(a), the trial court must assess 15 points if there was exploitative conduct that involved predatory conduct. See *People v Cannon*, 481 Mich 152, 157; 749 NW2d 257 (2008). The statute defines predatory conduct as "preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). Evidence of predatory conduct can be established by the timing and location of an offense. *People v Kosik*, 303 Mich App 146, 160; 841 NW2d 906 (2013). Further, preoffense conduct must be of a kind that is "commonly understood as being predatory in nature," rather than preoffense conduct that is merely planning to accomplish a crime. *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011). The defendant's exploitive conduct must have been directed towards a vulnerable victim whose vulnerability was readily apparent, i.e., "the victim was susceptible to injury, physical restraint, persuasion, or temptation." *People v Ackah-Essien*, 311 Mich App 13, 37; 874 NW2d 172 (2015), quoting 777.40(3)(c). Circumstances surrounding the crime can create a victim's vulnerability, which defendant can enhance through predatory conduct. *Huston*, 489 Mich at 462.

The trial court's factual finding that circumstances surrounding the armed robbery rendered the victim vulnerable was supported by a preponderance of the evidence because defendant waited until approximately 3:50 a.m., when there would be minimal foot traffic and only one working employee. The victim's vulnerability was readily apparent because she worked alone, and was susceptible to defendant's physical restraint. Based on this, the trial court reasonably determined that defendant engaged in predatory conduct sufficient to support an assessment of 15 points for OV 10.

## IV. *LOCKRIDGE* CHALLENGE

Defendant incorrectly argues that he can make a threshold showing of the potential for plain error because the trial court relied on facts that were not admitted by defendant nor found by the jury to calculate the sentencing guidelines range. In *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), the Supreme Court made the sentencing guidelines advisory. *Lockridge*, however, did not undercut the trial court's requirement to assess the highest number of points possible for "all OVs, whether using judge-found facts or not." *Id*. at 392 n 28. In fact,

"judicial fact-finding remains part of the process of calculating the guidelines." *People v Biddles*, 316 Mich App 148, 159; 896 NW2d 461 (2016). Therefore, the trial court did not violate defendant's Sixth Amendment rights when it used judge-found facts to calculate defendant's sentencing guidelines range.

Accordingly, we conclude that defendant is not entitled to resentencing because there was sufficient evidence for the trial court to find by a preponderance of the evidence that 10 points should be assessed for OV 4, 15 points should be assessed for OV 8, and 15 points should be assessed for OV 10, and that the trial court properly considered judge-found facts to calculate the sentencing guidelines range.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell