# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 24, 2018

Plaintiff-Appellee,

v

No. 336496
Wayne Circuit Court
LC No. 16-006404-01-FC

ROBERT REESE HOLMES III,

Defendant-Appellant.

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant, Robert Holmes III, appeals as of right his convictions of carjacking, MCL 750.529a, armed robbery, MCL 750.529, felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Holmes was sentenced, as a fourth habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for armed robbery, 15 to 30 years' imprisonment for carjacking, two to seven years' imprisonment for felon-in-possession, one to five years' imprisonment for carrying a concealed weapon, and a mandatory two years' imprisonment for felony-firearm. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On January 3, 2016, Darrel Nunlee left a social gathering. As he prepared to get into his vehicle, he saw Holmes walk up to him. Nunlee recounted that Holmes told him to "check it in, Pops," and then pointed a handgun at him and demanded his money and the keys to his vehicle. Nunlee testified that he was "scared to death," so he gave Holmes his keys and the money. Holmes then got in Nunlee's vehicle and drove away.

At trial, Holmes testified that he asked to borrow the vehicle and the money from Nunlee so that he could purchase heroin for himself and Nunlee. He also stated that he did not have a weapon when he asked to borrow the vehicle and money. The judge, sitting as the trier of fact, found that Nunlee's testimony was credible and convicted Holmes of carjacking, armed robbery, felon-in-possession, carrying a concealed weapon, and felony-firearm. The judge acquitted Holmes of a charge of assault with a dangerous weapon (felonious assault), MCL 750.82.

This appeal follows.

-1-

## II.  SENTENCING

### A.  STANDARD OF REVIEW

Holmes argues that he is entitled to resentencing because the trial court incorrectly assessed 10 points for offense variable (OV) 13.  This Court reviews a sentencing court's factual findings regarding scoring variables for clear error, which must be supported by a preponderance of the evidence.  *People v Gloster*, 499 Mich 199, 204; 880 NW2d 776 (2016).  "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation," which this Court reviews de novo.  *Id*., quoting *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).  Clear error exists if this Court is "left with a definite and firm conviction that a mistake has been made."  *People v Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005).

### B.  ANALYSIS

OV 13 addresses a defendant's continuing pattern of criminal behavior.  MCL 777.43(1).  The sentencing court must score ten points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ."  MCL 777.43(1)(d).  OV 13 permits a sentencing court "to look beyond the sentencing offense."  *People v Nix*, 301 Mich App 195, 206; 836 NW2d 224 (2013).  Further, when scoring OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted *regardless of whether the offense resulted in a conviction*."  MCL 777.43(2)(a) (emphasis added).  The sentencing court must count the sentencing offense in the five-year period, *People v Francisco*, 474 Mich 82, 87; 711 NW2d 44 (2006), and may consider charges that were previously dismissed if a preponderance of the evidence supports a finding that the offense took place, *Nix*, 301 Mich App at 205.

Holmes's convictions for carjacking and armed robbery are both properly counted for purposes of OV 13 because both are felonies that occurred within the last five years and both are classified as crimes against a person.  See MCL 777.16y.  In addition, Holmes was charged with felonious assault, which is a crime against a person, MCL 777.16d.  Felonious assault under MCL 750.82 requires the prosecution to prove that the defendant committed "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."  *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).  An assault occurs when a defendant takes some "unlawful act that places another in reasonable apprehension of receiving an immediate battery."  *Nix*, 301 Mich App at 205.

Here, Nunlee testified that Holmes pointed a handgun at his chest and abdomen while he took his money and keys.  Nunlee also testified that he was "scared to death."  This is sufficient evidence to establish that an assault occurred, and that Holmes acted with the intent to place Nunlee in reasonable apprehension of an immediate battery.  See *id*. at 205-206 (finding that a felonious assault occurred when the defendant pointed a rifle at his cousin during an argument).  The dangerous weapon element was also established because Nunlee testified that Holmes

pointed a handgun at him. Therefore, the prosecution proffered sufficient evidence to find, under a preponderance of the evidence standard, that Holmes committed a felonious assault.[1] As a result, the trial court properly counted the felonious assault as one of the three felony crimes against a person in the last five years to assess 10 points for OV 13. Because the trial court properly assessed 10 points for OV 13, and imposed a sentence within the recommended minimum sentencing range, Holmes is not entitled to resentencing. See *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004).

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

---

[1] We note that although Holmes was acquitted of the felonious-assault charge by the trial court, the burden of proof at trial was beyond a reasonable doubt whereas at sentencing a finding that the crime occurred need only be established by a preponderance of the evidence.