PEOPLE v STONE

Docket No. 256742. Submitted November 9, 2005, at Grand Rapids.
    Decided December 15, 2005, at 9:00 a.m. Leave to appeal denied,
    474 Mich 1130.
        Rubin L. Stone was convicted by a jury in the St. Joseph Circuit
    Court of first-degree home invasion, larceny of a firearm, being
    a felon in possession of a firearm, and possession of a firearm
    during the commission of a felony. The defendant had been
    serving a prison sentence in another state when he was released
    into the custody of Michigan authorities under the interstate
    agreement on detainers (IAD), MCL 780.601 *et seq.*, to face the
    charges that ultimately led to his Michigan convictions The
    court, James P. Noecker, J., had denied the defendant's pretrial
    motion to dismiss, concluding that the defendant's trial was
    timely under the IAD after excluding from the calculation for
    timeliness two delays caused by the defendant. The defendant
    appealed.

        The Court of Appeals *held*:

        The trial court's attributions of delay under the IAD were
    not clearly erroneous, and the trial court did not abuse its
    discretion by denying the defendant's motion to dismiss. The
    IAD requires that trial begin within 120 days of the arrival of a
    prisoner such as the defendant within Michigan, but permits
    tolling of the 120-day time limit for any period that is the result
    of a necessary or reasonable continuance for good cause shown,
    including any period of delay caused by the defendant's request
    or ordered to accommodate the defendant. The trial court
    excluded from the calculation of the 120-day time limit a delay
    that resulted from defense counsel's request for an adjourn-
    ment of the preliminary examination to allow adequate research
    of potential defenses. This delay also resulted from the initial
    district judge's disqualifying himself because he was the elected
    prosecuting attorney when the charges were filed. The delay
    was thus in accommodation of the defendant's interests and was
    properly excluded from the calculation. The trial court also
    properly excluded a second delay resulting from the defense
    counsel's withdrawal because of a conflict of interest. This
    withdrawal was for the defendant's benefit in an effort to

accommodate him. Excluding these delays, the defendant's trial was timely under the IAD.

Affirmed.

CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — DELAYS IN TRIAL — DISQUALIFICATIONS OF JUDGES — WITHDRAWALS OF ATTORNEYS.

Failure to strictly comply with the 120-day period specified in the interstate agreement on detainers (IAD) for beginning trial against a defendant on charges pending in a state other than the state in which the defendant is imprisoned requires the trial court to dismiss any charges brought against the defendant under the IAD; the 120-day time limit may be tolled for any period that is the result of a necessary or reasonable continuance for good cause shown in open court with the defendant or the defendant's counsel present, including any period of delay caused by the defendant's request or ordered to accommodate the defendant; delays resulting from the disqualification and replacement of a judge or from the withdrawal of defense counsel because of a conflict of interest are properly excluded from the calculation of the 120-day period as being in accommodation of the defendant's interests (MCL 780.601).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Douglas Fisher*, Prosecuting Attorney, and *Laura Moody*, Assistant Attorney General, for the people.

*William H. Archer* for the defendant.

Before: BANDSTRA, P.J., and NEFF and MARKEY, JJ.

BANDSTRA, P.J. Defendant appeals as of right his jury trial convictions of first-degree home invasion, MCL 750.110a(2); larceny of a firearm, MCL 750.357b; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant argues that his trial was not timely under the interstate agreement on detainers (IAD), MCL 780.601 *et seq.* However, we conclude that the 120-day time limit of that statute was satisfied, delays in the proceedings below having resulted from efforts to accommodate defendant. We affirm.

At the time he was charged with the offenses in this case, defendant was serving a prison sentence in New York. Michigan authorities requested custody of defendant pursuant to the IAD. Defendant was released into the custody of Michigan authorities on September 29, 2003, but was not brought to trial until February 24, 2004, 149 days later. Defendant brought a pretrial motion to dismiss, arguing that dismissal of all charges was required because the IAD mandated that he be tried within 120 days. But, after excluding from the calculation of the 120-day time limit two delays caused by defendant, the trial court denied the motion to dismiss, finding that the commencement of defendant's trial was timely. Defendant now appeals the trial court's denial of that motion and his subsequent convictions.

We review for an abuse of discretion a trial court's decision on a motion to dismiss. *People v Herndon*, 246 Mich App 371, 389; 633 NW2d 376 (2001). An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling made. *People v Snider*, 239 Mich App 393, 419; 608 NW2d 502 (2000). However, we review for clear error a trial court's attributions of delay. *People v Crawford*, 232 Mich App 608, 612; 591 NW2d 669 (1998). Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). Additionally, we review de novo the interpretation and application of statutes. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

"The IAD is a uniform law which prescribes procedures by which a prisoner may demand the prompt disposition of charges pending against him in a state other than the one in which he is imprisoned and

prescribes procedures by which a state may obtain, for trial, a prisoner who is incarcerated in another state." *People v Malone*, 177 Mich App 393, 396; 442 NW2d 658 (1989). The IAD provides, in part, that

> trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. [MCL 780.601, art IV(c).]

Failure to strictly comply with the 120-day provision requires the trial court to dismiss any charges brought against the defendant under the IAD. *People v Harlan*, 129 Mich App 769, 771; 344 NW2d 300 (1983). However, as the statute specifies, the 120-day time limit may be tolled for any period that is the result of any necessary or reasonable continuance for good cause shown in open court with the defendant or the defendant's counsel present. Further, this Court has followed precedents from a number of other jurisdictions and reasoned that such a continuance includes any period of delay caused by the defendant's request or ordered to accommodate the defendant. *People v Meyers (On Remand)*, 124 Mich App 148, 154; 335 NW2d 189 (1983).

Here, the trial court excluded two periods from its calculation of the 120-day time limit within which defendant must be brought to trial under the IAD: October 14, 2003, to November 4, 2003, and November 4, 2003, to November 18, 2003. The first delay of 22 days between October 14, 2003, and November 4, 2003, occurred when defense counsel requested an adjournment of the preliminary examination to adequately research potential defenses and so the presiding judge could disqualify himself because he was the elected prosecutor at the time the charges were filed against

defendant. On appeal, defendant takes issue with the lack of record evidence of defense counsel's request for an adjournment. However, at the hearing on defendant's motion to dismiss, the parties did not dispute the fact that defense counsel requested an adjournment in chambers. Thus, the trial court specifically found that the 22-day delay was excluded from the IAD time limit calculation because it was at defendant's request and for his accommodation. Under *Meyers*, this was not erroneous.

Further, the trial court's decision was warranted because the 22-day delay resulted, in part, from the initial judge's self-disqualification. This Court has affirmed a trial court's decision in a similar case. In *Malone, supra* at 399, the defendant's case was delayed because the district judge assigned to preside over the scheduled preliminary examination disqualified himself on the basis of a conflict of interest. This Court concluded that the delay caused by the district judge's disqualification was "in accommodation of defendant's interests," and determined that the length of the delay was properly excluded from the IAD time limit calculation. *Id.* Similarly here, it was beneficial to defendant that he not have his preliminary examination before a judge who, while a prosecutor, had filed the charges at issue. The delay resulting from the judge's disqualification and replacement was in accommodation of defendant's interests.

The second delay, between November 4, 2003, and November 18, 2003, occurred when the preliminary examination was adjourned after defense counsel withdrew because of a conflict of interest upon realizing that he had previously represented the victim in a civil matter. Although Michigan has not specifically addressed the effect of an attorney's withdrawal on the

IAD timing requirements, cases from other jurisdictions support the trial court's conclusion in this case. Recently, in *State v Rieger*, 13 Neb App 444, 454-455; 695 NW2d 678 (2005), the Nebraska Court of Appeals excluded a delay from the IAD time limit calculation when defense counsel withdrew from the case because of a conflict of interest. Similarly, in *State v Schaaf*, 169 Ariz 323; 819 P2d 909 (Ariz, 1991), the trial court granted the defense counsel's motion to withdraw after his appointment to a judgeship and granted a continuance for the appointment of new defense counsel. The defendant, who was ultimately convicted, argued on appeal that the period of the continuance should not have been excluded from the calculation when determining compliance with the IAD timing requirements. *Id.* at 327-328. The Arizona Supreme Court disagreed, concluding that the delay caused by the defense counsel's withdrawal constituted "extraordinary circumstances . . . [that] necessarily encompasse[d] a finding of good cause under the IAD," and that the period of delay was properly excluded from the trial court's time limit calculation. *Id.* at 329.

Although these precedents from other jurisdictions are not binding on this Court, we find them to be persuasive. See *People v Coy*, 243 Mich App 283, 294; 620 NW2d 888 (2000). When defense counsel moves to withdraw from representation because of a conflict of interest, he or she typically does so for the benefit of the defendant. Aware of an actual or potential conflict, defense counsel seeks to allow the defendant to obtain different counsel who is not biased and does not have a stake in the outcome of the proceedings. Under those circumstances, a motion to withdraw is clearly made in an effort to "accommodate the defendant." *Meyers, supra* at 154.

Accordingly, any delay resulting from that type of request is properly excluded from the 120-day time limit calculation under the IAD. The trial court did not err by excluding the 13-day period (not counting November 4 twice, and not counting November 18, the day on which the preliminary examination was scheduled) caused by defense counsel's withdrawal from its time limit calculation.

The trial court's attributions of delay were not clearly erroneous, and the trial court properly excluded the two periods from the calculation of the 120-day time limit. Excluding the tolled days from the total days defendant was in custody, his trial started 114 days after he arrived in Michigan. Defendant was timely brought to trial under the IAD, and the trial court did not abuse its discretion in denying defendant's motion to dismiss.

We affirm.