PEOPLE v CAMPBELL

Docket No. 291345. Submitted July 7, 2010, at Detroit. Decided July 13, 2010. Approved for publication August 26, 2010, at 9:05 a.m.

Keith J. Campbell was charged in the Tuscola Circuit Court with manufacturing marijuana and possession of marijuana with intent to deliver, as well as misdemeanor possession of marijuana and possession of a firearm during the commission of a felony. Defendant claimed that the marijuana was for medicinal use. While the charges were pending, the Michigan Medical Marihuana Act (MMA), MCL 333.26421 *et seq.*, became law. Defendant moved to dismiss the charges under MCL 333.26428(a), which provides an affirmative defense for marijuana-related charges. The court, Patrick R. Joslyn, J., granted defendant's motion, concluding that the MMA should be retroactively applied, and the prosecution appealed.

The Court of Appeals *held*:

Statutes are generally presumed to operate prospectively unless the Legislature expressly or impliedly indicated an intention to give the statute retroactive effect. An exception exists for remedial statutes, which operate in furtherance of an existing remedy and neither create nor destroy existing rights. MCL 333.26428(a) created a new right by providing an affirmative defense to a criminal defendant facing prosecution for crimes related to the use of marijuana. Because the MMA created a new right, it cannot be considered a remedial statute and must therefore be applied prospectively to crimes committed on or after its effective date of December 4, 2008. Because defendant's alleged crime occurred before the MMA's effective date, the defense it provides was not available to him and the trial court abused its discretion by dismissing the charges against him.

Reversed and remanded for reinstatement of charges.

CRIMINAL LAW — CONTROLLED SUBSTANCES — MARIJUANA — MICHIGAN MEDICAL MARIHUANA ACT — STATUTES — EFFECTIVE DATES OF STATUTES.

The affirmative defense provided under the Michigan Medical Marihuana Act for defendants facing marijuana-related criminal charges applies only to offenses committed on or after December 4, 2008 (MCL 333.26428).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Mark E. Reene*, Prosecuting Attorney, and *Joel D. McGormley*, Assistant Attorney General, for the people.

*Matthew R. Abel* for defendant.

Before: O'CONNELL, P.J., and METER and OWENS, JJ.

PER CURIAM. Defendant was charged with manufacturing marijuana, MCL 333.7401(2)(d)(*iii*), possession of marijuana with intent to deliver, MCL 333.7401(2)(d)(*iii*), possession of a firearm during the commission of a felony (two counts), MCL 750.227b, and misdemeanor possession of marijuana, MCL 333.7403(2)(d). The trial court granted defendant's motion to dismiss after concluding that the Michigan Medical Marihuana Act (MMA), MCL 333.26421 *et seq.*, should be retroactively applied. Plaintiff appeals as of right. We reverse and remand. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

The charges against defendant resulted from a search, pursuant to a warrant, of his home and vehicle on December 3, 2007. Nine marijuana plants, two bags of dried marijuana, and assorted drug paraphernalia were discovered in the search. A shotgun was also recovered from defendant's home. Defendant stated to the police officers who executed the warrant that the marijuana was for medicinal use. While defendant's criminal charges were pending, the MMA was enacted and became effective on December 4, 2008.

Defendant moved to dismiss the charges against him on the basis of the MMA, which provides an affirmative defense for a criminal defendant facing marijuana-related charges. MCL 333.26428(a). The trial court granted defendant's motion despite the prosecution's assertion that

defendant was not entitled to the defense because his arrest occurred before the MMA became effective.

The sole issue on appeal is whether the MMA should be retroactively applied. A trial court's decision on a motion to dismiss is reviewed for an abuse of discretion. *People v Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005). Questions of statutory construction are reviewed de novo. *People v Keller*, 479 Mich 467, 474; 739 NW2d 505 (2007).

In reaching its decision, the trial court relied on *People v Wright*, 40 Cal 4th 81; 51 Cal Rptr 3d 80; 146 P3d 531 (2006), a California Supreme Court case that authorized retroactive application of a statute that provided a new affirmative defense under that state's medical marijuana laws. We recognize that cases from foreign jurisdictions, which are not binding, can be persuasive. *Hiner v Mojica*, 271 Mich App 604, 612; 722 NW2d 914 (2006). However, the outcome in *Wright* is inconsistent with Michigan law because the enactment of the MMA affected substantive rights, as will be discussed in more detail below. Accordingly, the trial court abused its discretion by relying on *Wright*.

Generally, statutes are presumed to operate prospectively unless the Legislature either expressly or impliedly indicated an intention to give the statute retroactive effect. *People v Conyer*, 281 Mich App 526, 529; 762 NW2d 198 (2008). There is a recognized exception to this general rule for remedial or procedural statutes. *People v Russo*, 439 Mich 584, 594; 487 NW2d 698 (1992). A statute is remedial if it operates in furtherance of an existing remedy and neither creates nor destroys existing rights. *People v Link*, 225 Mich App 211, 214-215; 570 NW2d 297 (1997).

We find our decision in *Conyer* instructive in the resolution of this issue. *Conyer*, like the instant case,

dealt with whether a newly enacted statute should be applied retroactively. The *Conyer* Court concluded that the statute in that case, MCL 780.972, which eliminated the duty to retreat in certain situations, should only be applied prospectively because it affected substantive rights and the Legislature had not manifested an intent that it be applied retroactively. *Conyer*, 281 Mich App at 531. The *Conyer* Court also recognized that the statute could be considered at least partially remedial, but maintained that retroactive application was not permissible because the statute created a new substantive right. *Id.* at 530.

Like the statute analyzed in *Conyer*, MCL 333.26428(a) created a new right that did not exist before the enactment of the MMA by providing an affirmative defense to a criminal defendant facing prosecution for crimes related to the use of marijuana. Because the MMA created a new right, it cannot be considered a remedial statute. *Link*, 225 Mich App at 214-215. Consequently, the general presumption for prospective application is controlling.

We reject defendant's argument that MCL 333.26428(a) is subject to retroactive application because there is an indication that the Legislature so intended. The sections of the MMA that defendant relies on to support this position, specifically MCL 333.26425 and MCL 333.26429, do not relate to whether the affirmative-defense provision should be retroactively or prospectively applied. Instead, those sections provide a timeline for actions to be taken by the Department of Community Health to implement the registered-user provisions of the MMA, as well as a self-executing alternative if the department fails to take the necessary actions within the specified timeline. In no way does this language affect the general presumption that statutes are to be prospectively applied. In fact, it is this general presumption that negates

defendant's additional argument that the Legislature, by failing to include language that the MMA is to be applied prospectively, indicated its intent for retroactive application.

We also reject defendant's argument that the trial court's decision was correct in light of the outcome in *People v Lowell*, 250 Mich 349; 230 NW 202 (1930). In *Lowell*, the defendant was charged with violating the Michigan prohibition act. After the defendant engaged in the illegal conduct, the act was amended to increase the penalty. The *Lowell* Court upheld the trial court's decision to dismiss the charges after concluding that the amendment constituted a repeal of the act that authorized the prosecution against the defendant and determining that prosecution under the amended act would unconstitutionally violate the Ex Post Facto Clause. Defendant's reliance on *Lowell* is misplaced because the instant case does not involve the repeal of an existing criminal statute. Indeed, the possession, manufacture, and distribution of marijuana remain criminal acts, but now there is an affirmative defense available in some cases.

In light of our conclusions, we need not address the remaining arguments raised on appeal.

Reversed and remanded for reinstatement of the charges against defendant. We do not retain jurisdiction.