# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 27, 2018

Plaintiff-Appellee,

v

No. 341399
Wayne Circuit Court
LC No. 16-009522-01-FC

ALEX HALE,

Defendant-Appellant.

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant, Alex Hale, appeals by leave granted[1] his convictions based upon a plea of *nolo contendere* for carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and intentional discharge of a firearm at a building, MCL 750.234b. The trial court sentenced defendant to two years' imprisonment for the felony-firearm conviction, and 9 months to 10 years' imprisonment for the intentional discharge of a firearm at a building conviction, with 215 days' credit for time served. Because defendant correctly argues that the trial court erred in assessing 10 points for Offense Variable (OV) 12, and because the error changes the recommended guidelines range, we remand for resentencing.

Defendant's plea-based convictions arise from an altercation he had with a housemate over the use of a new refrigerator. The altercation led to the housemate sequestering himself in his bedroom and defendant firing two bullets into the bedroom wall or door molding. The trial court sentenced defendant as described above, and after the court denied a timely motion for resentencing, defendant applied for leave to appeal, which this Court granted.

## I. STANDARD OF REVIEW

This Court reviews a sentencing court's factual findings regarding scoring variables for clear error, and the facts must be supported by a preponderance of the evidence. *People v Gloster*, 499 Mich 199, 204; 880 NW2d 776 (2016). " 'Whether the facts, as found, are adequate

---

[1] *People v Hale*, unpublished order of the Court of Appeals, entered February 23, 2018 (Docket No. 341399).

-1-

to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation' " that this Court reviews de novo. *Id.*, quoting *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists if this Court "is left with a definite and firm conviction that a mistake has been made." *People v Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005). Further, the "trial court may consider all evidence in the record, including but not limited to the presentence investigation report (PSIR) and admissions made by a defendant during a plea proceeding." *People v Jackson*, 320 Mich App 514, 519; 907 NW2d 865 (2017).

## II. MCL 777.31 (OV 1)

Defendant contends that the trial court clearly erred by assessing 25 points for OV 1, rather than five points, claiming "[t]here is simply no evidence on record that [defendant] discharged the firearm at or towards Mr. Myers." We disagree.

OV 1 considers the aggravated use of a weapon. MCL 777.31(1). Defendant was assessed 25 points for OV 1, which is appropriate if "[a] firearm was discharged at or toward a human being . . . ." MCL 777.31(1)(a). The trial court may assess five points for OV 1 if "[a] weapon was displayed or implied." MCL 777.31(1)(c).

When defendant pleaded *nolo contendere* to intentional discharge of a firearm at a building, defendant stipulated that, while he did not shoot into the door of Frank Myers, Sr.'s bedroom, he did shoot two bullets through the molding of the door while Myers, Sr., was inside the bedroom. Defendant also stipulated that he made threats to harm Myers, Sr., before he fired his gun. According to the PSIR, defendant told Myers, Sr., that he would kill him, after which he fired two shots toward Myers, Sr.'s bedroom door and then shouted that he had "four more" bullets for Myers, Sr. The PSIR also noted that there were bullet holes in the wall of the second floor. Thus, defendant did not merely display or imply that he had a weapon, he actually fired two bullets at Myers, Sr.'s bedroom while Myers, Sr., was inside. OV 1 is to be scored if the person discharges a firearm "toward" a human being. Defendant's conduct of shooting through the molding of a closed door into a room occupied by a person easily qualifies as discharging a firearm toward a human being. Based on the stipulated record and the PSIR, which the trial court may consider in determining defendant's sentence, there was a preponderance of the evidence to support an assessment of 25 points for OV 1. Therefore, the trial court did not clearly err in assessing 25 points for OV 1.

## III. MCL 777.42 (OV 12)

Defendant next argues that the trial court erred in assessing 10 points for OV 12 because it is it unclear whether the trial court assessed 10 points for two contemporaneous felonious acts against a person or three other contemporaneous acts involving other crimes, and because a preponderance of the evidence does not support either. We agree.

OV 12 considers contemporaneous felonious acts. MCL 777.42(1). Defendant was assessed 10 points for OV 12, which is appropriate if "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed," or if "[t]hree or more contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(b) and (c). A

felonious criminal act is defined as contemporaneous if "[t]he act occurred within 24 hours of the sentencing offense," and "[t]he act has not and will not result in a separate conviction." MCL 777.42(2)(a)(*i*) and (*ii*). The contemporaneous felonious criminal acts must be "acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *People v Light*, 290 Mich App 717, 726; 803 NW2d 720 (2010). The "court must look beyond the sentencing offense" and "consider only those separate acts or behavior that did not establish the sentencing offense." *Id*. at 723. Additionally, felony-firearm should not be considered when scoring OV 12. MCL 777.42(2)(b).

The basis for the trial court's scoring of OV 12 is not entirely clear from the record. The record demonstrates that defendant made several death threats to Myers, Sr., before firing two bullets into the molding of Myers, Sr.'s bedroom door while Myers, Sr., was inside. There is also evidence that defendant continued to make threats toward Myers, Sr., after firing his gun and then walked toward Frank Myers, Jr.—brandishing the handgun—before Myers, Jr., could run into his bedroom, lock the door, and call the police. The prosecution argues that an assessment of 10 points for OV 12 was appropriate because there was a preponderance of the evidence that defendant committed two contemporaneous felonious acts against a person that will not result in a separate conviction, namely, defendant's actions toward Myers, Jr. The relevant inquiry is whether a preponderance of the evidence supports that finding. *Gloster*, 499 Mich at 204.

Defendant pleaded guilty to intentional discharge of a firearm at a building after his initial charges of assault with intent to murder, assault with intent to do great bodily harm less than murder, and felonious assault were dismissed. According to the prosecution, the two contemporaneous felonious acts against a person are either assault with intent to murder and felonious assault *or* assault with intent to do great bodily harm less than murder and felonious assault.

Assault with intent to murder, assault with intent to do great bodily harm less than murder, and felonious assault are all crimes against a person. MCL 777.16d. Because the charges of assault with intent to murder, assault with intent to do great bodily harm less than murder, and felonious assault were dismissed, they satisfy the statutory requirement of MCL 777.42(2)(*ii*) that they will not result in separate convictions. See *People v Billings*, 283 Mich App 538, 553; 770 NW2d 893 (2009) (holding that, because the defendant pleaded guilty to criminal enterprise and the charges of uttering and publishing were dismissed, those acts would not result in a separate conviction and could be considered for the purposes of OV 12).

Under *Light*, the contemporaneous felonious acts must be separate acts of behavior from those that established the intentional discharge of a firearm at a building. See *Light*, 290 Mich App at 723. Therefore, defendant's conduct or actions that served as the basis for defendant's conviction of intentional discharge of a firearm at a building cannot be considered in determining whether defendant committed two contemporaneous felonious acts against a person. The elements of intentional discharge of a firearm at a building are (1) the intentional discharge of a firearm, (2) at a dwelling. MCL 750.234b(1). Accordingly, defendant's intentional discharge of

a firearm cannot be considered for the purposes of OV 12 because it formed the basis of defendant's sentencing offense.[2]

The elements of felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). An assault is committed when the defendant takes some " 'unlawful act that places another in reasonable apprehension of receiving an immediate battery.' " *Nix*, 301 Mich App at 195, quoting *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005).

A preponderance of the evidence supports a finding that defendant committed felonious assault. Defendant committed an assault by walking down the hallway toward Myers, Jr., with the gun in his hand, placing Myers, Jr., in reasonable apprehension of an immediate battery. See *Nix*, 301 Mich App at 195. Although there is little evidence of defendant's intent to place Myers, Jr., in reasonable apprehension of an immediate battery, there is sufficient evidence to reasonably infer defendant's intent based on defendant's threats to Myers, Sr., and walking around the house brandishing a firearm. Therefore, felonious assault constitutes a contemporaneous felonious act for the purposes of scoring OV 12.[3]

The elements of assault with intent to commit murder are "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011) (quotation marks and citation omitted). A defendant's intent to kill can be established "by inference from any facts in evidence." *Id*.

Here, a preponderance of the evidence does not support a finding that defendant committed assault with intent to commit murder with respect to Myers, Jr. There is no evidence to demonstrate that defendant possessed an actual intent to kill Myers, Jr. Nowhere in the record does it indicate that defendant's threat that he had "four more for you," was directed towards Myers, Jr. Nor does the record support the prosecution's argument that defendant "could have just as easily been threatening" Myers, Jr., as Myers, Sr., because the PSIR describes the threats as directed only towards Myers, Sr. Without more, the fact that defendant walked toward Myers, Jr. brandishing a gun does not establish defendant's intent to commit murder. Accordingly, assault with intent to commit murder does not constitute a contemporaneous felonious act.

The elements of assault with intent to commit great bodily harm less than murder are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014), quoting *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). Assault with intent to commit great bodily harm less than murder is a specific intent crime, and

---

[2] This presumably explains why the prosecution argues that defendant committed two contemporaneous felonious acts as it concerns Myers, Jr., rather than Myers, Sr.

[3] One contemporaneous felonious criminal act involving a crime against a person supports a score of 5 points for OV 12. MCL 777.42(1)(d).

requires that the defendant's intent to commit serious injury be of an aggravated nature. *Stevens*, 306 Mich App at 628 (quotation marks and citation omitted). Actual injury to the victim is not an element. *Id*. at 629.

Again, there is nothing in the record to demonstrate that defendant possessed the specific intent to do great bodily harm to Myers, Jr. The record only indicates that defendant walked down the hall toward Myers, Jr., with the gun in his hand. Standing alone, the facts do not establish defendant's requisite intent to commit great bodily harm less than murder with respect to Myers, Jr. Therefore, the trial court clearly erred in assessing 10 points for OV 12 because a preponderance of the evidence does not support the trial court's finding that defendant committed two contemporaneous felonious acts against Myers, Jr.

Defendant is entitled to resentencing because the trial court erred in scoring an offense variable, and the error affected the statutory sentencing guidelines range. See *People v Jackson*, 487 Mich 783, 794; 790 NW2d 340 (2010). The trial court sentenced defendant to a minimum of nine months' imprisonment under the mistaken belief that the correct guidelines range was 0 to 17 months, when the correct guidelines range was actually zero to 11 months. Although defendant's minimum sentence was within the guidelines range, resentencing is required because "the Legislature intended to have defendants sentenced according to accurately scored guidelines and in reliance on accurate information . . . ." *Id*., quoting *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006).

We vacate defendant's sentence and remand this matter for resentencing.[4] We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering

---

[4] Because we are vacating and remanding for resentencing, we need not address defendant's other arguments pertaining to the trial court's original sentence or its rulings at the motion for resentencing. To the extent defendant argues that the trial court violated his constitutional rights when sentencing him while taking into account his credit for time served, we conclude that his argument lacks merit.