*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 16, 2025
2:02 PM

Plaintiff-Appellee,

v

No. 371262
Kent Circuit Court
LC No. 24-000525-FH

DOUGLAS LAVON WILLIAMS, JR.,

Defendant-Appellant.

Before: PATEL, P.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant stands charged with possession with intent to deliver less than 5 kilograms of marijuana or a synthetic equivalent, MCL 333.7401(2)(d)(*iii*), as a second- or subsequent-offense habitual drug offender, MCL 333.7413(1), and as a fourth-offense habitual offender, MCL 769.12. We conclude that the trial court did not abuse it discretion by denying defendant's motion to dismiss, and so affirm.

## I. BACKGROUND

This case arises out of defendant's possession of multiple pounds of marijuana without a license at his smoke-accessories store. Defendant was arrested after Michigan State Police executed a search warrant on defendant's business, a smoke shop, and found "hundreds of pre-packaged baggies of marijuana" ranging in size from "gram sized baggies" to "gallon[-]sized baggies filled with marijuana with the total approximate weight of 8 pounds." Neither defendant nor his store were licensed to sell marijuana, and despite defendant claiming ownership of the marijuana, he told police that he gave the "marijuana away for free" to customers to boost sales for other store items.

Defendant moved to dismiss the pending charges, arguing that *People v Kejbou*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361377); slip op at 2, which interpreted the

Michigan Regulation and Taxation of Marihuana[1] Act (MRTMA), MCL 333.27951 *et seq.*, protected him from felony prosecution because § 15 provided the exclusive penalty for his felony charge of possession with intent to distribute more than 5 ounces of marijuana. Therefore, the felony charge under MCL 333.7401 was improper and should be dismissed.

The trial court denied defendant's motion, concluding that *Kejbou* did not apply for several reasons. First, the trial court stated that a purpose of the MRTMA was to "prevent arrest and penalty for personal possession and cultivation of marijuana by adults 21-years of age or older and to remove the commercial production and distribution of marijuana from the illicit market" under MCL 333.27952. Because defendant conceded that this was not a cultivation case, the MRTMA was inapplicable. Second, the trial court noted that a footnote in *Kejbou* stated that this Court took no position on whether the MRTMA controlled when a defendant was charged with possession of marijuana in excess of $2^1/_2$ ounces, and the charge in the present case involved approximately 5 ounces. Third, the trial court reasoned that the MRTMA did not expressly repeal any portions of the public health code and that the implied repeal of statutes was highly disfavored under Michigan law.

Finally, the trial court ruled that the Public Health Code was the applicable authority. It determined that defendant's conduct fell outside of the permissible uses under § 5 of the MRTMA. The trial court explained that, in determining defendant's penalty, the applicable authority was either the MRTMA or Article 7 of the Public Health Code. If a special penalty enumerated in § 15 of the MRTMA existed for defendant's conduct, then the MRTMA penalties would apply. If not, then the conduct would be prosecuted under Article 7. The court concluded that, because a special penalty did not exist for a charge of possession with intent to deliver more than $2^1/_2$ ounces and defendant allegedly possessed with the intent to deliver, for remuneration, multiple pounds of marijuana, "the penalties contained in the public health code apply."

II. ANALYSIS

We review a trial court's decision on a motion to dismiss charges against a defendant for an abuse of discretion. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Brown*, 330 Mich App 223, 229; 946 NW2d 852 (2019) (quotation marks and citation omitted). Questions of law, including questions of statutory interpretation, are reviewed de novo. *Id*.

In relevant part, MCL 333.7401, §§ 1 and 2 of Article 7 of the Public Health Code, MCL 333.1101, *et seq.*, provide:

(1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled

---

[1] "Although the statutory provisions at issue refer to 'marihuana' . . . , by convention this Court uses the more common spelling 'marijuana' in its opinions." *People v Carruthers*, 301 Mich App 590, 593 n 1; 837 NW2d 16 (2013) (quotation marks and citation omitted).

substance, a prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

(2) A person who violates this section as to:

* * *

(d) Marihuana, a mixture containing marihuana, or a substance listed in section 7212(1)(d) is guilty of a felony punishable as follows:

* * *

(*iii*) If the amount is less than 5 kilograms or fewer than 20 plants, by imprisonment for not more than 4 years or a fine of not more than $20,000.00, or both [MCL 333.7401(2)(d)(*iii*).]


This case involves the dynamic between the MRTMA and Article 7 of the Public Health Code. "A fundamental rule of statutory interpretation is to determine the purpose and intent of the Legislature in enacting a provision." *People v Cannon*, 206 Mich App 653, 655; 522 NW2d 716 (1994). The MRTMA was passed into law by initiative. 2018 IL 1. We interpret laws passed by initiative by determining the electorate's intent, rather than the Legislature's intent. *People v Hartwick*, 498 Mich 192, 209-210; 870 NW2d 37 (2015). However, like legislatively enacted statutes, "[o]ur interpretation is ultimately drawn from the plain language of the statute, which provides the most reliable evidence of the electors' intent." *Id*. at 210 (quotation marks and citation omitted). "[A]s with other initiatives, we place special emphasis on the duty of judicial restraint." *Id*. (quotation marks and citation omitted). "Accordingly, we make no judgment as to the wisdom of the statutory framework of the MRTMA as enacted by the electorate. We simply derive its meaning from the plain language of the statute." *People v Soto*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 370138); slip op at 2.

The MRTMA does not contain a counterpart provision applicable to defendant's conduct. Section 4 of the MRTMA sets forth conduct unauthorized by the Act and provides that "[a]ll other laws inconsistent with this act do not apply to conduct that is permitted by this act." MCL 333.27954(5). Section 5 of the MRTMA legalizes the possession, use or consumption, internal possession, purchase, transport, or processing of up to $2^1/_2$ ounces of marijuana. MCL 333.27955(1)(a). Further, § 5 provides that, within a person's residence, a person may lawfully possess, store, and process not more than 10 ounces of marijuana. MCL 333.27955(1)(b).

Section 15 of the MRTMA establishes the penalty framework for possession, cultivation, or delivery without remuneration of marijuana in ways unauthorized by the Act. A violator "may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law[.]"

MCL 333.27965. Under § 15, possession, cultivation, delivery without remuneration, and possession with intent to deliver certain quantities of marijuana are penalized as follows:

> 1. Except for a person who engaged in conduct described in sections 4(1)(a), 4(1)(b), 4(1)(c), 4(1)(d), 4(1)(g), or 4(1)(h), a person who possesses not more than the amount of marihuana allowed by section 5, cultivates not more than the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than the amount of marihuana allowed by section 5, or possesses with intent to deliver not more than the amount of marihuana allowed by section 5, is responsible for a civil infraction and may be punished by a fine of not more than $100 and forfeiture of the marihuana.
>
> 2. Except for a person who engaged in conduct described in section 4, a person who possesses not more than twice the amount of marihuana allowed by section 5, cultivates not more than twice the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than twice the amount of marihuana allowed by section 5, or possesses with intent to deliver not more than twice the amount of marihuana allowed by section 5:
>
> (a) for a first violation, is responsible for a civil infraction and may be punished by a fine of not more than $500 and forfeiture of the marihuana;
>
> (b) for a second violation, is responsible for a civil infraction and may be punished by a fine of not more than $1,000 and forfeiture of the marihuana;
>
> (c) for a third or subsequent violation, is guilty of a misdemeanor and may be punished by a fine of not more than $2,000 and forfeiture of the marihuana. [MCL 333.27965(1) to (2).]

Notably, although possession with intent to deliver marijuana is addressed in Subsections (1) and (2), it is absent from the provision penalizing the possession, cultivation, or delivery without remuneration of more than twice the amount of marijuana allowed by § 5 as a misdemeanor:

> Except for a person who engaged in conduct described in section 4, a person who possesses more than twice the amount of marihuana allowed by section 5, cultivates more than twice the amount of marihuana allowed by section 5, or delivers without receiving any remuneration to a person who is at least 21 years of age more than twice the amount of marihuana allowed by section 5, shall be responsible for a misdemeanor, but shall not be subject to imprisonment unless the violation was habitual, willful, and for a commercial purpose or the violation involved violence. [MCL 333.27965(4).]

"Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or

exclusion." *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). This Court concluded the following in *Soto*, ___ Mich App at ___; slip op at 5:

> Plain from the statutory text of MCL 333.27965, the inclusion of the "possession with intent to deliver" language in Subsections (1) and (2) indicates the electorate's awareness of that conduct and demonstrates the intent to penalize possession with intent to deliver lesser quantities of marijuana with the lesser penalty of a civil infraction. However, the omission of the same language in the list of conduct subject to misdemeanor penalties in Subsection (4) demonstrates the electorate's deliberate exclusion of possession with intent to deliver larger quantities of marijuana from the scope of the MRTMA. See *Peltola*, 489 Mich at 185. . . . Consequently, we conclude that the MRTMA does not supersede Article 7 of the Public Health Code with regard to the felony prosecution of persons who possess with the intent to deliver more than twice the amount of marijuana allowed by MCL 333.27955.

The *Soto* Court addressed the recent *Kejbou* decision, ruling that *Kejbou* does not limit the Court's holding that the MRTMA does not supersede Article 7 of the Public Health Code:

> This conclusion does not conflict with [our] recent decision that a defendant's manufacturing-marijuana charge was covered by the MRTMA rather than Article 7 of the Public Health Code. *Kejbou*, ___ Mich App at ___; slip op at 9. The defendant in that case was bound over for trial on various felony charges, including the manufacturing of 200 or more marijuana plants, MCL 333.7401(2)(d)(*i*), after investigators found over 1,000 marijuana plants on the defendant's property. *Id*. at ___; slip op at 1-2. [We] concluded that the defendant's conduct implicated both the prohibition against cultivating 200 or more marijuana plants for purposes against felony prosecution under the Public Health Code, MCL 333.7401(2)(d)(*i*), and the prohibition of cultivating more than twice the allowed 12 plants for purposes of a misdemeanor prosecution under the MRTMA, MCL 333.27965(4). *Kejbou*, ___ Mich App at ___; slip op at 5. Faced with a conflict between the two statutes, [we] held that the MRTMA controlled the outcome of the case as the more recent and more specific statute dealing with penalties for possessing marijuana plants. *Id*. at ___; slip op at 6. We are not limited by the decision in *Kejbou*, however, because the relevant statutory provisions are not in conflict in this case. [*Soto*, ___ Mich App at ___; slip op at 5.]

The *Soto* Court also ruled that the purpose behind the MRTMA supported its conclusion:

> The purpose of this act is to make marihuana legal under state and local law for adults 21 years of age or older, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved. The intent is to prevent arrest and penalty for personal possession and cultivation of marihuana by adults 21 years of age or older; remove the commercial production

and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; prevent the distribution of marihuana to persons under 21 years of age; *prevent the diversion of marihuana to illicit markets*; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments. To the fullest extent possible, this act shall be interpreted in accordance with the purpose and intent set forth in this section. [MCL 333.27952 (emphasis added).]

The broad mandate of this Act makes marijuana legal under Michigan law for personal use and personal cultivation by individuals 21 years of age or older; however, as is evident from its lengthy stated purpose, this is not the only specified purpose of the Act. The Act is also intended to prevent the diversion of marijuana into illicit markets. Possession with intent to deliver large quantities of marijuana for compensation and outside of state regulation implies an illicit dealing for profit or a contribution to the illicit market. Such conduct subverts the express purpose of the Act. Both the plain language of MCL 333.27965(4) and the stated purpose of the Act support that this conduct should be subject to criminal prosecution under the Public Health Code. [*Soto*, ___ Mich App at ___; slip op at 6.]

As noted, defendant was charged with possession with intent to deliver less than 5 kilograms of marijuana or a synthetic equivalent under MCL 333.7401(2)(d)(*iii*), as a second- or subsequent-offense habitual drug offender, MCL 333.7413(1), and as a fourth-offense habitual offender, MCL 769.12. Neither defendant nor his store were licensed to sell marijuana, and defendant agrees with the trial court that the quantity of marijuana in his possession was 3 pounds of marijuana.[2]

The trial court did not abuse its discretion by denying defendant's motion to dismiss his felony charges because the plain language of MCL 333.27965(4) and the stated purpose of the MRTMA show that defendant's conduct is subject to criminal prosecution under the Public Health Code. See *Campbell*, 289 Mich App at 535. Regarding the plain text of MCL 333.27965,

the inclusion of the "possession with intent to deliver" language in Subsections (1) and (2) indicates the electorate's awareness of that conduct and demonstrates the intent to penalize possession with intent to deliver lesser quantities of marijuana with the lesser penalty of a civil infraction. However, the omission of the same language in the list of conduct subject to misdemeanor penalties in Subsection (4) demonstrates the electorate's deliberate exclusion of possession with intent to deliver larger quantities of marijuana from the scope of the MRTMA. [*Soto*, ___ Mich App at ___; slip op at 5 (citation omitted).]

---

[2] The prosecution and probable-cause affidavit stated that the quantity was estimated at closer to 7 pounds. Despite this discrepancy, both alleged amounts are below 5 kilograms, as required by the statute, because 5 kilograms equates to approximately 11 pounds. See MCL 333.7401(2)(d)(*iii*).

The "exclusion of possession with the intent to deliver larger quantities of marijuana from the scope of the MRTMA is consistent with one of the specified purposes of the Act, that is to '*prevent the diversion of marihuana to illicit markets*.' MCL 333.27952." *Id*. at ___; slip op at 6.

Additionally, *Kejbou* does not limit our analysis because the statutes at issue are not in conflict. In *Soto*, this Court distinguished the conflicting statutes in *Kejbou*:

> [T]he defendant's conduct implicated both the prohibition against cultivating 200 or more marijuana plants for purposes against felony prosecution under the Public Health Code, MCL 333.7401(2)(d)(*i*), and the prohibition of cultivating more than twice the allowed 12 plants for purposes of a misdemeanor prosecution under the MRTMA, MCL 333.27965(4). *Kejbou*, ___ Mich App at ___; slip op at 5. Faced with a conflict between the two statutes, [we] held that the MRTMA controlled the outcome of the case as the more recent and more specific statute dealing with penalties for possessing marijuana plants. *Id*. at ___; slip op at 6. We are not limited by the decision in *Kejbou*, however, because the relevant statutory provisions are not in conflict in this case. [*Soto*, ___ Mich App at ___; slip op at 5.]

The MRTMA does not contain a counterpart provision to defendant's felony charge, MCL 333.7401(2)(d)(*iii*), under the Public Health Code. Because there are no statutes in conflict in this case, akin to *Soto*, the trial court did not abuse its discretion by denying defendant's motion to dismiss felony charges under the Public Health Code. See *Campbell*, 289 Mich App at 535.

Affirmed.

/s/ Sima G. Patel
/s/ Christopher M. Murray
/s/ Christopher P. Yates